## CROSS vs. ARMOR.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The vendor, when his vendee demands security against the danger of eviction, is only bound to offer a person able to contract, with sufficient

EASTERN DIST.
May, 1839.

CROSS
vs.
ARMOR.

property, and domiciled within the jurisdiction of the court. The purchaser, or vendee, is not entitled to demand *real security*.

The plaintiff obtained an injunction to prevent the defendant from enforcing a judgment against him, alleging that he had refused to pay the price of a piece of ground for which this judgment was rendered, because he was interrupted in his possession, and in danger of eviction.

The defendant offered James Purdon as surety against the supposed danger of eviction, in order to do away the pretext for withholding the price, or the purchase money, set up by the purchaser and the plaintiff in injunction. He refused to receive the surety offered, alleging he was entitled to real security.

The defendant took a rule on the plaintiff to show cause why the surety should not be received, and the injunction dissolved. This rule was made absolute, and the plaintiff appealed.

*Lockett*, for the appellant.

*L. Peirce* and *Sterrett*, contra.

*Eustis, J.*, delivered the opinion of the court.

This is an appeal from an order of the District Court dissolving an injunction. The plaintiff being threatened with eviction of property purchased from the defendant, attempts to withhold the payment of the price on that ground. The defendant having offered James Purdon as his security for damages resulting from the eviction, the judge dissolved the injunction which he had granted against the proceedings of the defendant for the recovery of the price. The only question before us is the sufficiency of this security. The plaintiff contends that he is entitled to have real security, that personal security is insufficient. In this case the plaintiff would have a right to suspend the payment of the price, unless the defendant prefer to give him security. *Louisiana Code*, 2535.

Whenever a person is bound by a judgment to give security, he must offer a person able to contract, of property sufficient to answer for the amount of the obligation, and whose domicil is within the jurisdiction of the court where it is to be given. As no objection is made to the surety on either of these grounds, and as we consider the plaintiff is not entitled to demand real security, the judgment of the District Court is affirmed, with costs.